IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM ROSS,                                :
                                             :
                        Plaintiff,           :   CIVIL ACTION NO. 14-2773
                                             :
        v.                                   :
                                             :
CAROLYN W. COLVIN, Acting                    :
Commissioner of Social Security,             :
                                             :
                        Defendant.           :

# ORDER

**AND NOW**, this 3rd day of June, 2015, after considering the plaintiff's brief and statement of issues in support of request for review (Doc. No. 8), the defendant's response thereto (Doc. No. 9), the report and recommendation filed by United States Magistrate Judge Thomas J. Reuter (Doc. No. 13), and the objections to the report filed by the plaintiff (Doc. No. 14); accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of Court is **DIRECTED** to remove this action from civil suspense;

2. The plaintiff's objections to the report and recommendations (Doc. No. 14) are **OVERRULED**;[1]

---

[1] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).
 The court specifically notes that, with regard to the fourth objection, insofar as it relates to the ALJ's credibility determination of the plaintiff's mother, Ms. Ross, the court agrees with the plaintiff that Ms. Ross' familial relationship with the plaintiff and lack of medical training may not be sufficient grounds, on their own, to discredit Ms. Ross' testimony. *See Marconi v. Colvin*, No. 1:13-CV-02531-GBC, 2015 WL 1427795, at *11 (M.D. Pa. Mar. 27, 2015) ("It is error for an ALJ to presume bias or lack of credibility solely based on familial relationship."); *Harper v. Colvin*, No. 4:13-CV-02811, 2015 WL 1322168, at *9 (M.D. Pa. Mar. 24, 2015) (finding it improper that the ALJ discredited a lay witness' testimony because the plaintiff and lay witness were married, and the lay witness was not "medically trained to make exacting observations as to dates, frequencies, types and degree of medical signs and symptoms"); *see also* Soc. Sec. Rul. 96–5p (1996), 1996 WL 374183 *5 (stating that, in conducting a residual functional capacity assessment, an ALJ may rely on, *inter alia*, "observations of lay witnesses of an individual's apparent symptomatology"). However, Judge Reuter's report and recommendation clearly

3. The Honorable Thomas J. Reuter's report and recommendation (Doc. No. 13) is **APPROVED** and **ADOPTED**;

4. The plaintiff's request for review (Doc. No. 8) is **DENIED**; and

5. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

upholds the ALJ's credibility determination on the basis that the ALJ discounted Ms. Ross' testimony for the same reasons that the ALJ discounted the plaintiff's own testimony.